PROB 12 (Rev. 11/1/2004)

**FILED BY CLERK OF COURT**

# United States District Court

**for the**

**DISTRICT OF MINNESOTA**

**United States v. David James Cook**

**Docket No. 0:01CR00379-001(PAM)**

**Petition on Supervised Release**

COMES NOW **Joan L. White**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **David James Cook** who was sentenced for Felon in Possession of a Firearm on August 13, 2002, by the Honorable Paul A. Magnuson, who fixed the period of supervision at 2 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

> Abstain from alcohol and drug and alcohol aftercare

In addition, the defendant was sentenced for Escape on December 22, 2006, by the Honorable John R. Tunheim, who fixed the period of supervision at 3 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

> Drug and alcohol aftercare; mental health aftercare; comply with the Minnesota Offender Employment Policy; and submit to search of residence, office, vehicle, or area under the defendant's control

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

> SPECIAL CONDITION: The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

> MANDATORY CONDITION: The defendant shall not commit another federal, state, or local crime.

On January 31, 2008, at 12:15 a.m., the defendant was arrested by the Beltrami County Sheriff's Office and charged with Fourth Degree DUI. Specifically, the defendant was the driver of a vehicle that was observed speeding and swerving in the lane of travel. The officer noted that the defendant had bloodshot and watery eyes, smelled of alcohol, and was swaying slightly. He failed three field sobriety tests. The defendant was arrested, and an intoxilyzer was administered with a result of 0.19. On February 20, 2008, the defendant appeared in Beltrami County District Court and pled guilty to DWI - Operate Motor Vehicle Under the Influence of Alcohol .19 and DWI - Fourth Degree Driving While Impaired (case number 04-CR-08-524). He was sentenced to pay a $500 fine and $80 court costs; 90 days in jail, 75 days stayed; and 2 years unsupervised probation with the conditions he remain law abiding, no alcohol use, do not enter bars, and complete treatment.

SCANNED
MAR 10 2008
U.S. DISTRICT COURT ST. PAUL

FILED MAR 10 2008
RICHARD D. SLETTEN
JUDGMENT ENTD ______
DEPUTY CLERK ______

On January 31, 2008, at 9:46 p.m., the defendant was arrested again by the Beltrami County Sheriff's Office and charged with Third Degree DWI, False Name to Police, Driving After Revocation, and No Proof of Insurance. Specifically, the defendant was the driver of a vehicle that was originally stopped for Failure to Display a License Plate Light and Dark Tinted Windows. The defendant told the officer that his name was Craig Cook. The officer noted red, bloodshot, watery eyes; the smell of alcohol; slurred speech; and slow body movements. Two field sobriety tests were administered and the defendant passed one of the tests. The passengers in the vehicle identified the defendant by his true name. The defendant provided his correct name upon being confronted by the officer. The defendant was arrested and an intoxilyzer was administered with a result of .10. The officer noted that the defendant had been arrested earlier that same day for DWI. On February 20, 2008, the defendant appeared in Beltrami County District Court and pled guilty to DWI - Operate Motor Vehicle - Alcohol Concentration 0.08 Within 2 Hours and Give Peace Officer False Name (case number 04-CR-08-596). He was sentenced to pay a $500 fine and $108 court costs; 90 days in jail, 90 days stayed; and 2 years unsupervised probation.

PRAYING THAT THE COURT WILL ORDER That conditions of supervision be modified to include the following.

> The defendant shall reside for a period of 30 days in a residential re-entry center as approved by the probation officer and shall observe the rules of that facility. Upon release from the residential re-entry center, the defendant shall participate in a remote alcohol monitoring program for a period of 60 days. The defendant will not be responsible for the costs. The defendant shall remain at home from the hours of 9:00 p.m. until 6:00 a.m. the following day for the purposes of alcohol testing.

ORDER OF THE COURT

Considered and ordered this 9th day of March, 2008, and ordered filed and made a part of the records in the above case.

Honorable Paul A. Magnuson
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Joan L. White
Senior U.S. Probation Officer
Telephone: 218-333-0554

Executed on March 6, 2008

Place Bemidji

Approved:

Julie M. Belt
Supervising U.S. Probation Officer

c: United States Sentencing Commission